## COLLOM, ASSIGNEE, v. HILL.

*Deeds—Illegal consideration—Payment to partnership for gambling transaction—Defense of execution to grantee-partner for private transaction.*

In an action to set aside a deed on the ground of illegal consideration in that the deed was executed to pay a partnership an obligation incurred in a gambling transaction, the defendant cannot avoid the fact of the illegality of the consideration by the claim that the deed was executed to him personally in furtherance of a private transaction between himself and the grantor, where the evidence of the relation between the defendant and the partnership, and of the transaction itself, fails to divorce defendant from the responsibilities of the partnership association.

(Decided July 16, 1923.)

APPEAL: Court of Appeals for Butler county.

*Messrs. Andrews, Andrews & Rogers,* for the assignee.

*Mr. Paul Scudder,* for Bank of Trenton County and Monroe National Bank, general creditors.

*Messrs. Peck, Shaffer & Williams* and *Mr. W. C. Shepherd,* for defendant.

HAMILTON, J. This case is here on appeal from the decree of the Court of Common Pleas of Butler county, Ohio, setting aside a deed from Allie Crist, plaintiff's assignor, to the defendant, Alfred Hill. The execution of the deed arose out of transactions in grain, and market futures and margins.

It appears that Allie Crist, plaintiff's assignor, was a farmer, residing in Butler county, Ohio, and

had title to about 1,300 acres of land in that county. During the time from March, 1920, to April, 1921, Crist conducted a series of transactions involving the purchase and sale of wheat and oats and corn for future delivery, through the brokerage office of Alfred Hill & Company, Cincinnati. The extent of the transactions as shown by the record, covering the period suggested, was in round numbers 16,000,000 bushels.

The record discloses that from March, 1920, until June 16, 1920, the amount of the purchases and sales of grain approximated 8,000,000 bushels. At that time, Crist was indebted to Alfred Hill & Company in the sum of $7,811.37, covering losses on these transactions. On that date Crist executed a second mortgage on the 134 80/100 acre tract, being the tract in question, for the sum of $10,000, which amount was turned into Alfred Hill & Company to discharge his indebtedness of $7,-811.37, the remaining $2,188.63 being placed to his credit by the company to cover future transactions.

Subsequently, on December 2, 1921, Crist, being pressed for settlement by defendant Hill, executed the deed in controversy to the defendant in payment of the mortgage, and later, on the 15th day of December, 1921, he made a deed of assignment to the plaintiff for the benefit of his creditors.

It is claimed in the petition that the consideration for this deed was an illegal one, the transactions of purchase and sale being mere wagers, and not *bona fide* contracts, and that the deed was made in contemplation of insolvency and with intent to defraud his creditors.

The law of the case is well settled. The con-

troversy must necessarily turn on the facts involved.

It would serve no purpose to analyze and discuss the evidence in this case. It is sufficient to say that after a careful study of the evidence our conclusion is that the facts bring the case within the decided cases, *Lester* v. *Buel*, 49 Ohio St., 240; *Kahn, Jr.*, v. *Walton*, 46 Ohio St., 195, and *Rutherford & Co.* v. *Spaid*, 102 Ohio St., 233.

The defendant seeks to avoid the question of the illegality of the consideration for the deed, under the claim that he was not a member of the firm and the loan was a private transaction between himself and Crist. But the evidence fails to divorce Hill from the responsibilities of the partnership company. The business was conducted in his name, and, according to the testimony of Crist, most of the transactions were through him. Hill's son testified that the defendant was an employe and drew a salary from the company. It was the defendant who insisted that Crist pay the indebtedness to the company, growing out of the grain transaction, and Crist informed him the only way he could pay was by giving a mortgage, so the mortgage was made to the defendant. A check, which defendant had endorsed in his own handwriting "payable to the order of Alfred Hill & Company," was given to Crist. Defendant thereupon caused Crist to sign the endorsement, and caused the check to be handed to the bookkeeper of the firm, and Crist to be given credit on his account. The balance of the mortgage, $2,188.63, was placed to Crist's credit on the company's books.

We find the equities in favor of the plaintiff, and the prayer of the petition will be granted.

*Judgment for plaintiff.*

CUSHING and BUCHWALTER, JJ., concur.